UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| IRMA L. NANEZ,<br>16505 La Cantera Parkway, Apt. 822<br>San Antonio, TX 78256,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN M. McHUGH, SECRETARY,<br>THE UNITED STATES DEPARTMENT<br>OF THE ARMY,<br>101 Army Pentagon<br>Washington, DC 20310-0101,<br><br>　　　　　Defendant. | Case No. 1:15-cv-339<br>15cv339<br><br><br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Irma L. Nanez, by her undersigned counsel, hereby complains of Defendant John M. McHugh, Secretary of the Department of the Army, as follows:

PARTIES

1. Plaintiff resides in San Antonio, Texas.

2. Defendant is the Secretary of the United States Department of the Army.

VENUE AND JURISDICTION

3. The Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper because Defendant is located here.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff exhausted her administrative remedies by filing this lawsuit within 90 days of December 13, 2014, the date she received the Final Agency Decision on EEOC Case No. 451-2012-00180X.

7. Plaintiff exhausted her administrative remedies by filing this lawsuit after having timely filed her appeal with the Equal Employment Opportunity Commission Office of Federal Operations in EEOC Case No. 451-2012-00026X.

## STATEMENT OF FACTS

8. Plaintiff began working for Defendant in or around 1986.

9. Plaintiff's race is Caucasian-Hispanic.  Her national origin is Hispanic, Mexican American. Defendant is aware of Plaintiff's race and national origin based on observation and because this information appears on Plaintiff's personnel documents.

10. Prior to 2007, Plaintiff had a GS-15 supervisory position.

11. In 2007, due to personal reasons, Plaintiff voluntarily accepted a GS-14 Supervisory Budget Analyst, YA-0560-03, position at Defendant's Southeast Region, Installation Management Command ("IMCOM") at Fort McPherson in Atlanta, GA.

12. Beginning in 2005, Defendant had been engaged in restructuring IMCOM pursuant to a Base Realignment Closure ("BRAC").

13. On or about June 5, 2009, Defendant sent a memorandum (the "Memo") and "Entitlements and Benefits Fact Sheet" to IMCOM Southeast Region employees, informing them that they would be subject to a reduction-in-force if they did not elect to relocate to Fort Sam Houston or find a position in another region.

14. The Memo stated, "IMCOM will provide every eligible volunteer to relocate to a job at Fort

Sam []. Job offers will be to a direct match position (same job series and title) or a similar position (indirect match) of the same grade or pay band, with no loss to your existing rate of base pay."

15. The IMCOM Transformation and BRAC Relocation APF War Room Operating Plan (the "Plan") defined an "indirect match" as a position that "is in the same or similar line of work (function) and has the same qualification and skill/requirements as the employee's current position of record."

16. The Plan advised that if neither a direct or indirect match could be made, it would "restructure a position to fit the employee's current position in order to accommodate placement" (*i.e.*, a "constructed match"). Further, such a position would "not result in a lower base pay and grade/pay band than the employee officially occupie[d]".

17. On or about June 6, 2009, Plaintiff submitted a "Commitment Response," electing to relocate to Fort Sam Houston and that she wished to be transferred by August 3, 2009.

18. On August 16, 2009, Defendant reassigned Plaintiff to the position of Supervisory Budget Analyst, YA-0560-03, at Fort Sam Houston.

19. Due to continued IMCOM restructuring efforts, Plaintiff was reassigned from the position of Supervisory Budget Analyst, YA-0560-03, to the position of Management Analyst, YA-0343-03, on or about May 23, 2010.

20. Although the reassignment did not affect Plaintiff's salary, it changed her title and job duties and eliminated her supervisory status, in direct conflict with the Memo and the Plan.

21. On or about August 13, 2010, Plaintiff filed an EEO complaint alleging that the reassignment constituted discrimination on the basis of race and national origin.

22. The management officials against whom Plaintiff filed her complaint became aware of her

EEO activity during investigation of the complaint.

23. On or about August 1, 2011, Plaintiff was reassigned from HQ IMCOM Performance Management Review "Team Leader" to "Senior Analyst." As Team Leader, Plaintiff had supervisory duties, including providing input on performance appraisals. As Senior Analyst, Plaintiff had no supervisory duties.

24. Plaintiff was required to report to employees with less seniority and rank than she had.

25. Supervisory employees outside of Plaintiff's protected classes (*i.e.*, not Caucasian-Hispanic, not Hispanic-Mexican American, no prior protected activity) were treated more favorably than Plaintiff. These similarly-situated employees were promoted to GS-15 status and/or received pay increases when they were reassigned to Fort Sam Houston.

26. Plaintiff retired from her employment with the Agency in January 2014.

27. If Plaintiff, like the similarly-situated employees who were not Caucasian-Hispanic, not Hispanic-Mexican American, and who did not have prior EEO activity, had been promoted to GS-15 status and received commensurate pay increases, she would have retired as a GS-15, with corresponding annuity payments.

## COUNT 1

28. Plaintiff repeats and realleges paragraphs 1–27, as if fully set forth herein.

29. Defendant discriminated against Plaintiff on the basis of her race and national origin, in violation of Title VII, when it reassigned her from the position of Supervisory Budget Analyst, YA-0560-03, to the position of Management Analyst, YA-0343-03, on or about May 23, 2010.

## COUNT 2

30. Plaintiff repeats and realleges paragraphs 1–29, as if fully set forth herein.

31. Defendant discriminated against Plaintiff on the basis of her race, national origin, and reprisal

(prior EEO activity), in violation of Title VII, when it changed her from Team Leader to Senior Analyst status, on or about August 1, 2011.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all counts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant on all counts and:

1. Award damages on Count 1 in the amount of $300,000 for compensatory damages, plus lost wages and benefits, reinstatement or front pay and lost future benefits, interest, the amount of tax on any award, and reasonable attorney's fees;

2. Award damages on Count 2 in the amount of $300,000 for compensatory damages, plus lost wages and benefits, reinstatement or front pay and lost future benefits, interest, the amount of tax on any award, and reasonable attorney's fees;

3. Order Defendant to correct all personnel documents and records to reflect that Plaintiff retired as a GS-15;

4. Order Defendant to correct Plaintiff's annuity payments, retroactive to the date of her retirement, to reflect that she retired as a GS-15; and

5. Award such other relief as is just and proper.

Dated: March 9, 2015                                      Respectfully submitted,

Alan Lescht & Associates, PC

By: _____

Alan Lescht (DC Bar 441691)
1050 17th St., NW, Suite 400
Washington, DC 20036
Tel: (202) 463-6036
Fax: (202) 463-6067
ryan.chapline@leschtlaw.com
*Counsel for Plaintiff*